# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: May 9, 2022

| | | |
|---|---|---|
| TRAVIS EASON, Petitioner, | * | UNPUBLISHED |
| | * | No. 18-406V |
| v. | * | Special Master Nora Beth Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | Interim Attorneys' Fees and Costs. |

Milton Clay Ragsdale, Ragsdale LLC, Birmingham, AL, for Petitioner.
Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 19, 2018, Travis Eason ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012),[2] alleging that he suffers from Guillain-Barré Syndrome ("GBS") as the result of an influenza ("flu") vaccination administered on September 12, 2012. Petition at 1-2 (ECF No. 1). On February 28, 2022, the undersigned issued a Ruling of Entitlement in favor of Petitioner. Ruling of Entitlement dated Feb. 28, 2022 (ECF No. 77).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On April 19, 2022, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys and paralegals who worked on his case. Petitioner's Application for Award of Interim Attorneys' Fees and Reimbursement of Costs ("Pet. Mot."), filed Apr. 19, 2022 (ECF No. 82). Petitioner's request can be summarized as follows:

**Ragsdale LLC:**

**Attorneys' Fees** – $105,221.30
**Attorneys' Costs** – $17,179.92

Petitioner thus requests a total of $122,401.22. Petitioner additionally requests $15.00 in costs spent by Petitioner. Pet. Mot., Exhibit ("Ex.") D. Respondent filed a response to Petitioner's motion on April 19, 2022 stating, Respondent "defers to the Special Master as to whether [P]etitioner is entitled to an interim award of attorneys' fees and costs at this time." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Apr. 19, 2022, at 3 (ECF No. 83). Petitioner filed a Reply on April 20, 2022. Pet. Reply to Resp. Response, filed Apr. 20, 2022 (ECF No. 85). This matter is now ripe for adjudication.

For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion and awards **$122,416.22** in attorneys' fees and costs.

## I. DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. The respondent has not filed any objection or otherwise opposed the motion. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

Here, Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**M. Clay Ragsdale – Attorney**

2017: $400.00
2018: $410.00
2019: $420.00
2020: $430.00
2021: $450.00
2022: $485.00

**Allison L. Riley – Attorney**

2017: $270.00

2018: $290.00
2019: $305.00
2020: $325.00
2021: $350.00
2022: $375.00

**Amy Johnson – Paralegal**
2018-2019: $150.00
2020: $155.00
2021: $170.00
2022: $180.00

**Anne Burke – Paralegal**
2020: $141.00
2021: $150.00
2022: $160.00

The undersigned finds that the requested rates for 2017-2021 are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work. See, e.g., Martin ex rel. Martin v. Sec'y of Health & Hum. Servs., No. 17-250V, 2020 WL 5901718, at *2 (Fed. Cl. Spec. Mstr. Sept. 3, 2020) (awarding the same rates for Mr. Ragsdale from 2017-2020, Ms. Riley from 2017-2020, and the paralegals from 2017-2020); Lyle ex rel. E.B.G. v. Sec'y of Health & Hum. Servs., No. 19-574V, 2021 WL 1970483, at *2 (Fed. Cl. Spec. Mstr. Apr. 21, 2021) (awarding the same rates for Mr. Ragsdale from 2017-2020 and Ms. Riley from 2017-2020); Smith v. Sec'y of Health & Hum. Servs., No. 19-653V, 2021 WL 3640225 (Fed. Cl. Spec. Mstr. July 16, 2021) (awarding the same rates for Mr. Ragsdale from 2017-2021, Ms. Riley from 2017-2021, and the paralegals from 2017-2021).

For 2022, Petitioner requests an increased rate of $485.00 for Mr. Ragsdale, $375.00 for Ms. Riley, and $160.00 and $180.00 for the paralegals. Pet. Mot. at 3. The undersigned finds the requested rate increases for Mr. Ragsdale, Ms. Riley, and the paralegals reasonable given their experience in the Program as well as the quality of their work. The undersigned shall therefore award these rates for work performed in 2022.

The undersigned also finds that the overall hours spent on this matter appear reasonable, with no reduction necessary.

**B. Attorneys' Costs**

**1. Expert Fees**

Petitioner requests $15,000.00 for work performed by Dr. Shin Oh. Pet. Mot., Ex. C at 2. Dr. Oh reviewed medical records and prepared two expert reports over 8 hours, at a rate of

$500.00 per hour. Id. at 27. Dr. Oh is board certified in neurology, electromyography, clinical neurophysiology, and neuromuscular disease. Based on his credentials and work on two expert reports, the undersigned finds Dr. Oh's hourly rate and time spent working on this case reasonable and compensates him in full.

### 2. Miscellaneous Costs

Petitioner requests $2,179.92 in costs to cover his attorneys' other miscellaneous expenses, medical records, Fed Ex costs, a neurology consult, filing fee, and other expenses. Pet. Mot., Ex. C at 2-31. The undersigned finds these costs reasonable and well-documented, and will award them in full.

### 3. Petitioner's Costs

Additionally, Petitioner requests $15.00 in costs related to postage. Pet. Mot., Ex. D at 2-8. The undersigned finds these costs reasonable and well-documented, and will award them in full.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsels as follows:

**Ragsdale LLC:**

| | |
|---|---|
| Requested Attorneys' Fees: | $ 105,221.30 |
| Awarded Attorneys' Fees: | $ 105,221.30 |
| | |
| Requested Attorneys' Costs: | $ 17,179.92 |
| Awarded Attorneys' Costs: | $ 17,179.92 |
| | |
| Requested Petitioner's Costs | $ 15.00 |
| Awarded Petitioner's Costs | $ 15.00 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$ 122,416.22** |

**Accordingly, the undersigned awards:**

**(1) A lump sum in the amount of $122,401.22, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Clay Ragsdale.**

**(2) A lump sum in the amount of $15.00, representing reimbursement for reasonable costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.