# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 7, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| TRAVIS EASON, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 18-406V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award; Influenza ("Flu") Vaccine; |
| AND HUMAN SERVICES, | * | Guillain-Barré Syndrome ("GBS"). |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

Milton Clay Ragsdale, Ragsdale LLC, Birmingham, AL, for petitioner.
Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On March 19, 2018, Travis Eason ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") as the result of an influenza ("flu") vaccination he received on September 12, 2012. Petition at 1-2 (ECF No. 1). On February 28, 2022, the undersigned issued a ruling finding Petitioner entitled to compensation. Fact Finding and Ruling on Entitlement dated Feb. 28, 2022 (ECF No. 77).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On November 6, 2023, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. Proffer at 2. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

(1) **A lump sum payment of $780,569.20, for all damages, representing compensation for life care expenses expected to be incurred during the first year after judgment ($31,175.22), lost earnings ($544,495.00), pain and suffering ($170,000.00), and past unreimbursable expenses ($34,898.98), in the form of a check payable to petitioner, Travis Eason.**

(2) **An amount sufficient to purchase the annuity contract described in the Proffer at section II.B.**

Proffer at 3. This amount represents all elements of compensation to which Petitioner is entitled under § 15(a). Id.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TRAVIS EASON, | ) |
| Petitioner, | ) |
| v. | ) No. 18-406V |
| | ) Special Master Dorsey |
| | ) ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) |
| Respondent. | ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On March 19, 2018, Travis Eason ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered from Guillain-Barré Syndrome as a result of receiving the influenza ("flu") on September 12, 2012. Petition at ¶ 2. On February 28, 2022, Special Master Dorsey issued an entitlement decision in favor of petitioner. ECF No. 77. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

**I.    Items of Compensation**

    A.    Life Care Items

Respondent engaged life care planner Laura E. Fox, MSN, BSN, RN, CNS, CLCP, and petitioner engaged Lynne Trautwein, MSN, RN, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine injury" is as described in the Special Master's February 28, 2022, Ruling on Entitlement. All items of

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's February 28, 2022, ruling on entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Travis Eason, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

  B.  <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Travis Eason has suffered past loss of earnings and will suffer future loss of earnings as a result of his vaccine-related injury. Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Travis Eason's lost earnings is $544,495.00. Petitioner agrees.

  C.  <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $170,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

  D.  <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $34,898.98. Petitioner agrees.

## II.   Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $780,569.20, representing compensation for life care expenses expected to be incurred during the first year after judgment ($31,175.22), lost earnings ($544,495.00), pain and suffering ($170,000.00), and past unreimbursable expenses ($34,898.98), in the form of a check payable to petitioner, Travis Eason.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

3

which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Travis Eason, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Travis Eason, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Travis Eason's death.

3. <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury

**III.    Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, Travis Eason:                                    $780,569.20
    B.    An amount sufficient to purchase the annuity contract described
        above in section II.B.

                Respectfully submitted,

                BRIAN M. BOYNTON
                Principal Deputy Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                TRACI R. PATTON
                Assistant Director
                Torts Branch, Civil Division

                s/*Colleen C. Hartley*
                COLLEEN C. HARTLEY
                Assistant Director
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146, Benjamin Franklin Station
                Washington, D.C. 20044-0146
                Tel: (202) 616-3466
                Email: colleen.hartley@usdoj.gov

Dated:  November 6, 2023

---

Compensation Program System of Records, No. 09-15-0056.

**Appendix A:  Items of Compensation for Travis Eason**                                    Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2023 | Compensation Years 2-5 2024-2027 | Compensation Years 6-Life 2028-Life |
|---|---|---|---|---|---|---|
| Insurance Premium | 5% | | | 396.00 | 396.00 | 396.00 |
| Insurance Maximum Out of Pocket | 5% | | | 3,900.00 | 3,900.00 | 3,900.00 |
| Medicare Part B Premium | 5% | | M | 1,978.80 | 1,978.80 | |
| Primary Care Physician | 5% | * | | | | |
| Neurology | 5% | * | | | | |
| Cancer Center | 5% | * | | | | |
| Nephrology | 5% | * | | | | |
| Individual Counseling | 4% | * | | | | |
| Mileage: Neurology | 4% | | | 2.20 | 2.20 | 2.20 |
| Mileage: Cancer Center | 4% | | | 26.40 | 26.40 | 26.40 |
| IVIG | 5% | * | | | | |
| Physical Therapy Evaluation | 4% | * | | | | |
| Physical Therapy | 4% | * | | | | |
| Adjustable Bed | 4% | * | | | | |
| Bed Maintenance | 4% | * | | | | |
| Scooter | 4% | * | | | | |
| Scooter Lift | 4% | | | 2,725.00 | 272.50 | 272.50 |
| Scooter & Lift Maintenance | 4% | * | | 90.00 | 90.00 | 90.00 |
| Manual Wheelchair | 4% | * | | 500.00 | 50.00 | 50.00 |
| Shower Transfer Bench | 4% | | | 55.00 | 5.50 | 5.50 |
| Lift Chair | 4% | * | | 414.82 | 41.48 | 41.48 |
| Lift Chair Maintenance | 4% | * | | | | |
| Rollator Walker | 4% | | | 51.00 | 5.10 | 5.10 |
| Adaptive Devices | 4% | | | 200.00 | 100.00 | 100.00 |
| Tub Safety Bars | 4% | * | | 36.00 | | |
| Medical Alert | 4% | * | | | | |
| Personal Care Attendant | 4% | | M | 20,800.00 | 20,800.00 | 20,800.00 |
| Lost Earnings | | | | 544,495.00 | | |
| Pain and Suffering | | | | 170,000.00 | | |
| Past Unreimbursable Expenses | | | | 34,898.98 | | |
| Annual Totals | | | | 780,569.20 | 27,667.98 | 25,689.18 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($31,175.22), lost earnings ($544,495.00), pain and suffering ($170,000.00), and past unreimbursable expenses ($34,898.98): $780,569.20.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.