# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
(Filed: October 31, 2024)

```
* * * * * * * * * * * * *
TRAVIS EASON                    *
                                *    No. 18-406V
            Petitioner,         *
                                *    Special Master Dorsey
v.                              *
                                *    Attorneys' Fees and Costs
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
            Respondent.         *
* * * * * * * * * * * * *
```

<u>Milton Clay Ragsdale, IV</u>, Ragsdale LLC, Birmingham, AL, for petitioner.
<u>Colleen Clemons Hartley</u>, U.S. Department of Justice, Washington, D.C., for respondent.

## <u>DECISION ON ATTORNEYS' FEES AND COSTS</u>[1]

On March 19, 2018, Travis Eason ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") as the result of an influenza ("flu") vaccination he received on September 12, 2012. Petition at 1-2 (ECF No. 1). On November 6, 2023, the parties filed a proffer, which the undersigned adopted as her decision awarding compensation on November 7, 2023. (ECF No. 147).

On, April 19, 2022, petitioner filed a motion for interim attorneys' fees and costs, which was granted on May 9, 2022, awarding the full amount requested of $122,416.22. (ECF No. 89).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On March 13, 2024, petitioner filed a final motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 152). Petitioner requests compensation in the amount of $95,679.28, representing $80,614.30 in attorneys' fees and $15,064.98 in costs. Fees App. at 5, 11. Pursuant to General Order No. 9, petitioner warrants that $21.86 in costs were incurred April 5, 2022. Fees App. Ex. D at 1. Respondent filed his response on April 15, 2024, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 153). Petitioner did not file a reply thereafter.

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $95,701.14.**

## I.    Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id. at §15(e)(1).  In this case, because petitioner was awarded compensation pursuant to a proffer, he is entitled to a final award of reasonable attorneys' fees and costs.

### a.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent

and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application."  Saxton, 3 F. 3d at 1521.

### i.     Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of his counsel: for Mr. M. Clay Ragsdale: $485.00 per hour for work performed in 2022, $530.00 per hour for work performed in 2023, and $565.00 per hour for work performed in 2024; and, for Ms. Allison Riley, $375.00 per hour for work performed in 2022, $410.00 per hour for work performed in 2023, and $450.00 per hour for work performed in 2024. Petitioner also requests the following rates for the work of paralegals: for Anne Burke, $160.00 per hour for work performed in 2022, and $170.00 per hour for work performed in 2023; and for Amy Johnson, $177.00 per hour for work performed in 2022, $180.00 per hour for work performed in 2023, and $190.00 per hour for work performed in 2024. These rates are consistent with what counsel and paralegals have previously been awarded, and the undersigned finds them to be reasonable herein.

### ii.     Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Petitioner is therefore awarded final attorneys' fees of $80,614.30.

### b. Attorneys' Costs

Petitioner requests a total of $15,064.98 in attorneys' costs. This amount is comprised of acquiring medical records, a treating physician report from Larry W. Epperson, M.D., travel and meal expenses related to a client visit, vocational expert services, and life care planning services. Fees App. Ex. C at 2. Petitioner requests $4,163.47 for expenses and 23.5 hours of vocational expert services provided by Ms. Debra Civils, billed at a rate of $175.00 per hour. *Id*. at 14. Petitioner also requests $7,822.50 for 44.7 hours of life care planning services provided Ms. Lynne Trautwein, billed at a rate of $175.00 per hour, and $1,421.41 for costs related to the life care planning visit, including food, taxi/Uber, hotel, and airfare. *Id*. at 15-47.  The undersigned has reviewed the requested costs and finds them to be reasonable for the work performed in this case. Accordingly, the full amount of costs shall be awarded.

Finally, Petitioner requests a total of $21.86 for costs he incurred related to pursing this case. Fees App. Ex. D at 2. This amount is comprised of charges to fax documents to his attorney. I find these costs to be reasonable and will award them in full.

### II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and their counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $80,614.30 |
| (Total Reduction from Billing Hours) | - |
| **Total Attorneys' Fees Awarded** | **$80,614.30** |
| | |
| Attorneys' Costs Requested | $15,064.98 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$15,064.98** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$95,679.28** |
| | |
| Petitioner's Costs Requested | $21.86 |
| (Reduction of Costs) | **-** |
| **Total Petitioner's Costs Awarded** | **$21.86** |

**Accordingly, the undersigned awards $95,679.28 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. M. Clay Ragsdale. The undersigned awards $21.86 in personal costs incurred, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

      **IT IS SO ORDERED.**

**<u>s/Nora Beth Dorsey</u>**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.